## Oliver N. Goodridge *versus* Artemas Rogers Administrator.

The *St.* 1828, *c.* 112, providing that actions for injuries done to real estates shall survive, applies not only to actions pending before, but also to such as are commenced after, the death of the testator or intestate.

An action under *St.* 1785, *c.* 62, by a tenant against his cotenant, for an injury done to the land held in common, to recover treble damages, one moiety for his own use and the other for the use of all the cotenants except the defendant, is not within *St.* 1788, *c.* 12, which limits the bringing of penal actions.

Trespass *quare clausum fregit.* The declaration alleges, that Benjamin Goodridge, the defendant's intestate, on the 1st of November, 1831, broke and entered the plaintiff's close, situate, &c., having never given notice in writing to the plaintiff, that he had occasion for and should improve such lot of land held in common by the intestate and the plaintiff, and did then and there cut down a quantity of hoop poles of the value of $23·80, contrary to the form of the statute (of 1785, *c.* 62, § 1,) whereby the intestate forfeited to the plaintiff treble the value of the hoop poles.

At the trial, before *Dewey* J., the facts alleged in the dec laration were proved. It also appeared, that Benjamin Good ridge died in June, 1834, and that this action was commenced on the 13th of September, 1837. The defendant denied the right of the plaintiff to maintain the action, 1. because the cause of action did not survive against the administrator of Benjamin Goodridge ; and 2. because the action was barred by the stat-ute limiting penal actions. And these questions were reserved for the consideration of the whole Court.

*Washburn,* for the plaintiff, cited to the point, that the action survived, *St.* 1828, *c.* 112 ; Revised Stat. *c.* 93, § 7 ; and to the point, that the *St.* 1785, *c.* 62, § 1, was remedial and therefore the action was not barred by the statute limiting penal actions, *St.* 1786, *c.* 52, § 1 ; Revised Stat. *c.* 120, § 1 ; Re-vised Stat. *c.* 93, § 7, 8, 9 ; *Sackett* v. *Sackett,* 8 Pick. 320 ; *Woodgate* v. *Knatchbull,* 2 T. R. 154, 155, note ; Com. Dig. (Day's ed.) *Action upon Statute, A* 1, note : Revised Stat *c.* 58, § 13 ; *Boynton* v. *Rees,* 9 Pick. 532

*Torrey* and *Wood,* for the defendant.

Oct. 2d

PUTNAM J. delivered the opinion of the Court. The first question is, whether the action survived.

It was provided by *St.* 1828, *c.* 112, that "all actions and suits which may be now pending, or which may hereafter be commenced, for injuries done to real estates, and which do now abate by the death of the parties to the same, shall be considered as actions and suits which survive to the executor or administrator of such deceased parties, and may be prosecuted and defended in the same manner, and to the same extent, as might have been done by the testators or intestates respectively, during their lives."

Now it is contended, that no action was ever commenced for this trespass, against the intestate, and that it follows that there cannot be any surviving of what never existed ; that the statute supposes that the action was begun against the trespasser, and if so, that it should be maintained and prosecuted against the executor or administrator of the wrongdoer, and that this action cannot be supported, inasmuch as it was commenced originally against the administrator of the trespasser. But we all think this would be too limited a construction. It is very clear that the intent of the legislature was to preserve the cause of action. The estate of the trespasser had or might have been benefited by the proceeds of the trespass ; it was intended, therefore, that the cause of action should survive in the same manner as if it had been a debt or other lawful cause of action which, upon principles of the common law, did survive. This trespass was done and the intestate died before the Revised Statutes were enacted ; so that the case is to be tried by reference to the statute of 1828. There is no doubt but, at the common law, such actions did abate by the death of the party ; and by force of the statute, we think they were well brought originally against the executor or administrator, as they might have been against the testator or intestate who did the wrong.

The next objection is, that the action is barred by the statute of limitations touching penal actions.

The *St.* 1785, *c.* 62, § 1, was revised by Revised Stat. *c.* 105, § 7 and 8 ; and the former act provides as a remedy for the owners of real estate for trespasses such as are described in the plaintiff's declaration, a forfeiture of treble the value, to be

"recovered by any one or more of the persons interested in the same lands, who may prosecute and sue for the same in an action of trespass in his or their own names, as well on the behalf of the other cotenants, except the defendant, as of him or themselves ; one moiety of the aforesaid penalties to be for the use of such person or persons who shall sue for the same, and the other to and for the use of all the cotenants, excepting the defendant, in proportion to their respective interests in the land." And the Revised Statute above cited appropriates the forfeitures in the same way. The St. 1788, c. 12, " an act for the ease of citizens concerning actions upon penal statutes," provides, (in § 1,) that " all actions, suits, bills or informations, which shall hereafter be had, brought, sued or commenced, for any forfeiture upon any penal statute, made or to be made, the benefit whereof is or shall be by the said statute limited in whole or in part to the person or persons who shall inform and prosecute in that behalf, shall be had, &c. within one year after the offence committed." Now it is true, that in the actions upon the St. 1785, c. 62, for injuries done to real estate, one half of the forfeiture is to inure to the benefit of him who prosecutes ; yet it is in the nature of a remuneration for the injury which he has received in common with his cotenants. The action must be brought by one or more of the cotenants who had received the injury, and not by any other person, who had not received any particular damage. Such actions may be brought by a common informer, for the recovery of penalties accruing in penal actions. The latter actions are given with a view to the preservation of the peace and upon public policy and expediency, and the limitation is to be applied for the ease and relief of the citizens ; but the former actions are evidently intended to provide a mode of redress for injuries inflicted upon, or suffered by individuals, and are properly considered as remedial.

For example, the law requires that double damages shall be assessed against a town for injuries sustained by individuals from defects in highways ; double damages for injuries occasioned by dogs, to be recovered against the owner, &c. Now it has never been supposed, that actions to recover for such injuries were within the limitation of penal actions.

Goodridge
v.
Rogers.

On the other hand, the penalty for committing trespasses in the night time, and penalties provided for a vast number of offences, including many which are merely *mala prohibita*, are evidently intended to come within the limitation.

This was so understood in the case of *Woodgate* v. *Knatchbull*, 2 T. R. 154, where *Ashhurst* J. observed, " that where a statute gives accumulative damages to the party grieved, *it is not a penal action* ; for in penal actions no costs are allowed, but if the action be brought by the party grieved, he is entitled to costs." And in a note to that case, it is said, that it has been held " that an action given by statute to the party grieved, is not within 31 *Eliz. c.* 5, which limits the bringing of actions on penal statutes."

Thus we all think, that both grounds of defence have failed and that the defendant must be defaulted.